**UNITED STATES of America,**
Appellee,

v.

**Carlos GOIRY, Defendant–Appellant.**

**No. 06–0090–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 2, 2007.

Anthony L. Ricco, New York, NY, for Defendant–Appellant.

Jonathan B. New, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. CHARLES L. BRIEANT, District Judge.*

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant-appellant Carlos Goiry appeals from a judgment of conviction entered on January 5, 2006, in the United States District Court for the Southern District of New York (Kram, *J.*). Goiry was sentenced primarily to a term of imprisonment of 135 months. We assume the parties' familiarity with the facts and the proceedings below.

The sole issue on appeal is whether the district court erred in denying Goiry's request for a mitigating role adjustment pursuant to § 3B1.2 of the United States Sentencing Guidelines. Generally, we review sentences imposed after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), for reasonableness. *United States v. Mejia,* 461 F.3d 158, 162 (2d Cir.2006). There appears to be some uncertainty regarding the standard of review we apply to a district court's decision concerning a mitigating role adjustment. *See United States v. Burgos,* 324 F.3d 88, 91 n. 2 (2d Cir.2003). But we need not resolve this issue now, as Goiry's challenge fails under any standard.

Section 3B1.2 of the Guidelines provides for a two-level reduction in offense level "[i]f the defendant was a minor participant" in the criminal activity. U.S.S.G. § 3B1.2. We have recognized that "a mitigating role adjustment is appropriate if the defendant is substantially less culpable than the average participant" in such a crime. *United States v. Carpenter,* 252 F.3d 230, 235 (2d Cir.2001) (internal quotation marks omitted). The defendant bears the burden of establishing his reduced culpability. *United States v. Shonubi,* 998 F.2d 84, 90 (2d Cir.1993).

Goiry has failed to carry that burden. The factual findings made by the district court, which Goiry does not appear to dispute and are not clearly erroneous in any event, are sufficient to establish that Goiry was not substantially less culpable than the average participant in a conspiracy to distribute cocaine. The court was not required, as Goiry seems to suggest, to determine the role of an average participant in a conspiracy of comparable magnitude and then assess the extent of his role against this imaginary average. "It is not [the] defendant's exact role or status in the criminal activity that necessarily decides this question; rather, it is an assessment of [the] defendant's culpability in the context of all the circumstances." *Id.*

Furthermore, Goiry's claim that the government could not oppose his request for an adjustment based on "allegations specifically denied by [him] during his safety valve proffer" when it had previously accepted the truthfulness of his proffer admissions is unavailing. He has failed to identify any specific statements made during the proffer that contradict facts relied on by the government or found by the district court. He has also failed to challenge the accuracy of the Probation Department's Pre–Sentence Investigation Report, whose findings support those made by the district court.

Accordingly, the sentence of the district court is **AFFIRMED**.